**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__ 7/8/2022 __
```

AARON FREEMAN,

                                        **Plaintiff,**                                        **20-CV-10040 (SN)**

                    -against-                                                                  **ORDER**

TREVOR JACOBSON, et al.,

                                        **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

  A final pretrial conference was held on July 6, 2022. See ECF No. 75. At the conference,

Plaintiff requested that witness Helana Lynn be permitted to testify remotely via

videoconference. Defendants objected to this request. Because I do not find good cause and

compelling circumstances to allow Ms. Lynn to testify remotely, Plaintiff's motion is DENIED.

  Ms. Lynn is a resident of North Hollywood, California. Plaintiff argues that she is a

material witness because she attempted to mediate the dispute over custody of Saylor, the dog,

and her testimony provides evidence of Plaintiff's claim that Defendants' conversion of Saylor

was malicious and willful. Plaintiff asserts that Ms. Lynn is unable to travel to New York to

testify because she was recently diagnosed with a condition which worsens when she travels, and

she has two young children.

  Federal Rule of Civil Procedure 43(a) provides:

  At trial, the witnesses' testimony must be taken in open court unless a federal
  statute, the Federal Rules of Evidence, these rules, or other rules adopted by the
  Supreme Court provide otherwise. For good cause in compelling circumstances and
  with appropriate safeguards, the court may permit testimony in open court by
  contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). The Court of Appeals has ruled that Rule 43(a) gives a judge "discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards." Rodriguez v. Gusman, 974 F.3d 108, 114 (2d Cir. 2020). While "serious health conditions inhibiting a witness's ability to travel" may constitute good cause and compelling circumstance, Sawant v. Ramsey, No. 07-cv-980, 2012 WL 1605450, at *3 (D. Conn. May 8, 2020), "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition" and "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial," Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Plaintiff has not made a showing of good cause and compelling circumstance for Ms. Lynn to testify remotely. Plaintiff has not substantiated his request with any sworn affidavits or medical documentation that demonstrate that Ms. Lynn's condition inhibits her ability to travel. Compare Sawant, 2012 WL 1605450, at *3 (allowing plaintiffs to testify remotely where they "reported health conditions imposing significant restrictions on their ability to travel" as long as they filed letters from their current physicians explaining the restrictions), with Radosti v. Hudson's Bay Co., No. 18-cv-12266 (VSB), 2022 WL 2119299, at *2 (S.D.N.Y. May 4, 2022) (denying defendants' request where witnesses did not provide sworn affidavits or medical documentation "describing or substantiating their representation that, due to medical reasons, they are unable to travel to testify at trial"). Furthermore, caretaking responsibilities do not constitute a compelling circumstance permitting remote witness testimony. Radosti, 2022 WL 2119299, at *2 n. 3. Even if Ms. Lynn's unwillingness to travel was supported by good cause, Plaintiff has failed to establish that her testimony is likely to be so significant as to justify the substantial burden on the Court and trial procedures that remote testimony imposes.

Accordingly, Plaintiff's motion to allow Helana Lynn to testify at trial remotely by videoconferencing technology is DENIED.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:        New York, New York
              July 8, 2022